UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MORGAN WALKER, CDCR #T-35851,<br><br>                              Plaintiff,<br><br>              vs.<br><br>C. HERRERA-SALAZAR, T. THOMPSON and S. CAZARES,<br><br>                              Defendants. | Case No.:  25cv1922-BJC (JLB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff Aaron Morgan Walker is a state inmate proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On February 24, 2026, the Court dismissed Plaintiff's Complaint with leave to amend for failure to state a claim. (ECF No. 5.)  Following an extension of time, Plaintiff has now filed a First Amended Complaint ("FAC").  (ECF No. 8.)

**I.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**A.     Standard of Review**

Because Plaintiff is a prisoner proceeding in forma pauperis, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must *sua*

1

*sponte* dismiss a complaint, or any portion of it, filed by a prisoner proceeding in forma pauperis which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quote marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.    Allegations in the FAC**

Plaintiff alleges in count one that on July 2, 2019, he made "oral grievances concerning the conduct of" Defendant Correctional Counselor Herrera-Salazar. (ECF No.

2

8 at 3.) That same day, Herrera-Salazar authored a rules violation report ("RVR") accusing Plaintiff of possession and distribution of a controlled substance, which Plaintiff alleges was fabricated by Herrera-Salazar to punish Plaintiff in retaliation for Plaintiff complaining of Herrera-Salazar's conduct. (*Id*.) Plaintiff was immediately placed in the Administrative Segregation Unit ("AdSeg"), where he stayed for 91 days and was subjected to restrictions on visitation, telephone use, commissary, and package privileges. (*Id*.) "As a direct result of Defendant Salazar's retaliation, Plaintiff suffered physical attacks for refusing to surrender to Salazar's fabricated RVR that required seven sutures in the back of Plaintiff's head, years of threats of violence against Plaintiff for refusing to admit to Defendant Salazar's fabricated RVR, 26 months of court proceedings that unlawfully extended Plaintiff's liberty interest by two years (still pending in court)." (*Id*.)

Plaintiff alleges in count two that Defendant Lieutenant Thompson, the Senior Hearing Officer at the hearing on the RVR, prevented Plaintiff from "using the prison log record to prove" that Herrera-Salazar "lied about where he claimed to be assigned to work" on July 2, 2019, "lied about who was actually assigned and present during his contact with" Plaintiff that day, and "lied about the chain of events that occurred on" that day. (*Id*. at 5.) "Every critical question Plaintiff was asking that was critically relevant to exposing the criminal behavior of Defendant Salazar was blocked by Defendant T. Thompson who was protecting Defendant Salazar from criminal exposure." (*Id*.) On September 9, 2024, Thompson found Plaintiff not guilty based on insufficient evidence. (*Id*.)

Plaintiff alleges in count three that in February 2020, Defendant Lieutenant Cazares "presented the RVR to Plaintiff for Plaintiff to waive the right to postpone the disciplinary hearing pending the outcome of court proceedings." (*Id*. at 7.) "Upon refusing to waive said rights, Defendant Cazares promised, 'Guilty today, Guilty tomorrow, same difference.'" (*Id*.) After Plaintiff was found not guilty, he filed a grievance against Herrera-Salazar alleging he falsified reports and planted drugs on Plaintiff. (*Id*.) Shortly after filing that grievance, Plaintiff reminded Cazares, who had since become an Investigative Special Unit ("ISU") officer, of his prior comment, and Cazares replied, "you

should have accepted your victory and left it alone." (*Id*.) On November 29, 2024, a few days after speaking to Cazares and two weeks after filing the grievance against Herrera-Salazar, Plaintiff's cell was ransacked by ISU officers. (*Id*.) Plaintiff was told that Cazares ordered the search but was never told the reason. (*Id*.) His cell was searched again by ISU officers on March 18, 2025. (*Id*.) The day after Plaintiff initiated this action in this Court, ISU Officers Parkhill and Parra searched and ransacked his cell, viewed and photographed the original complaint filed in this action along with other material, and destroyed his typewriter. (*Id*. at 7-8.) On February 10, 2026, "ISU returned with Defendant Cazares instructing his subordinates to go through all Plaintiff's legal material. When questioned, Defendant Cazares informed Plaintiff that Plaintiff was on Defendant Cazares targeted list." (*Id*. at 8.)

Plaintiff claims Defendants retaliated against him for exercising his First Amendment right to petition the government for redress of grievances and violated his Fourteenth Amendment due process rights. (*Id*. at 2-8.)

### C.    Discussion

#### 1. Due Process Claims

In counts one and two of the FAC Plaintiff alleges he was denied due process under the Fourteenth Amendment when: (1) Defendant Herrera-Salazar filed a fabricated RVR which falsely accused him of drug possession and distribution and which resulted in a 91-day stay in AdSeg and (2) Defendant Thompson blocked Plaintiff from asking questions at the hearing on the RVR and using the record to prove that Herrera-Salazar lied and that the charge was false. (ECF No. 8 at 2-6.)

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A prisoner is entitled to due process protections during a disciplinary hearing where protected liberty interests are at stake. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003). To show that a disciplinary proceeding implicates a liberty interest protected by the Due Process Clause, a prisoner must show that his sentence

4

was exceeded in "an unexpected manner" or resulted in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). If no such liberty interest is implicated, a prisoner is granted minimum due process, which requires only that the outcome be "supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985). If a protected liberty interest arises, due process requires written notice of the charges and evidence relied on and the reasons for the action taken, an opportunity "to call witnesses and present documentary evidence in defense when" doing so "will not be unduly hazardous to institutional safety or correctional goals," assistance at the hearing if necessary, and an impartial factfinder. *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974).

Even assuming Plaintiff has plausibly alleged that a protected liberty interest was implicated in the disciplinary proceedings sufficient to give rise to the requirements that he be allowed to present evidence and question Herrera-Salazar, there are no *factual* allegations that Defendant Thompson deprived Plaintiff of his procedural rights. Plaintiff merely alleges Thompson prevented him for "using the prison log record to prove" that Herrera-Salazar lied about where he claimed to be assigned to work, about who was assigned and present during his contact with Plaintiff, and "about the chain of events." (ECF No. 8 at 5.) He alleges that "[e]very critical question Plaintiff was asking that was critically relevant to exposing the criminal behavior of Defendant Salazar was blocked by Defendant T. Thompson who was protecting Defendant Salazar from criminal exposure." (*Id.*)

"A plaintiff must allege facts, not simply conclusions, that show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") Thus, Plaintiff has not plausibly alleged he was denied due process at the RVR hearing. In any case, as Plaintiff was previously informed in the Court's prior dismissal order (*see* ECF No. 5 at 6), his acknowledgement that he was found

25cv1922-BJC (JLB)

not guilty prevents him from plausibly alleging a due process violation arising from the disciplinary proceedings. *See Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015) (no due process violation where procedural error was corrected through the administrative appeal process); *see also Torricellas v. Poole*, 954 F. Supp. 1405, 1414 (C.D. Cal. 1997) ("Where a procedural error has been corrected in the administrative process, as it was here, there has been no compensable due process violation. The administrative appeal is considered part of the process afforded, and any error in the process can be corrected during that appeals process without necessarily subjecting prison officials to liability for procedural violations at lower levels."), aff'd, 141 F.3d 1179 (9th Cir. 1998); *Williams v. Hampton*, No. 19cv1332-CAB (WVG), 2020 WL 3498170, *7 (S.D. Cal. June 26, 2020) ("[P]laintiff's claims of due process violations arising from his first disciplinary hearing are moot in light of the grant of a new hearing which resulted in a not guilty verdict.")

Plaintiff was also previously informed (*see* ECF No. 5 at 6), that his allegation that the RVR was based on false statements and planted drugs is insufficient to state a due process claim because "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports." *Buckley v. Gomez*, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997), aff'd, 168 F.3d 498 (9th Cir. 1999); *see also e.g. Gadsden v. Gehris*, No. 20cv0470-WQH (DEB), 2020 WL 5748094, at *8 (S.D. Cal. 2020) ("The allegations of the filing of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves.")  Finally, to the extent Plaintiff claims he was denied a property interest in his typewriter or any personal property destroyed in the cell searches, he has failed to state a due process claim. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (the deprivation of property "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if" the state "provides a suitable post-deprivation remedy."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations.")

6

The due process claim in the FAC is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 2. First Amendment Claims

Plaintiff also claims that the RVR and cell searches were retaliatory actions by Herrera-Salazar and Cazares for filing a grievance against Herrera-Salazar, and that Cazares has interfered with his access to the courts. (ECF No. 8 at 2-6.) "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (2005) (footnote omitted). A prisoner must also allege a retaliatory motive, that is, a causal connection between the adverse action and protected conduct. *Watison*, 668 F.3d at 1114.

Plaintiff has plausibly alleged an adverse action was taken against him. *See Hines v. Gomez*, 108 F.3d 265, 268-69 (9th Cir. 1997) (disciplinary charge may constitute adverse action); *Cejas v. Paramo*, 2017 WL 1166288, at *6 (S.D. Cal. 2017) (cell search may constitute adverse action "if performed with a retaliatory motive and lacking a legitimate correctional goal.") Plaintiff has not, however, set forth facts which plausibly allege any Defendant acted with a retaliatory motive. *See Rhodes*, 408 F.3d at 567 (stating a plaintiff must allege adverse action was "because of" his protected conduct). Plaintiff alleges he made "oral grievances concerning the conduct of" Herrera-Salazar, but without identifying the nature of the grievances or whether or how Herrera-Salazar became aware of them. (ECF No. 8 at 3.) He appears to contend the RVR was retaliatory based solely on the fact that it was filed the same day. (*Id*.) Retaliation cannot be established simply by showing adverse action took place after protected activity, as there must be a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). Timing may be considered circumstantial evidence of retaliatory intent, but "timing alone is insufficient"

7

to support an inference that prison officials took an adverse action against a prisoner in retaliation because of a prisoner's participation in protected conduct. *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995). The FAC does not contain any factual allegations that the decision to file the RVR was based on Plaintiff's protected activity but instead relies on speculation. *See Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient [to state a claim]."); *McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011) (noting that a plaintiff may provide circumstantial evidence of the defendant's knowledge of the protected conduct plus some other evidence of retaliatory intent, such as "(1) proximity in time between protected speech and the alleged retaliation; (2) (that) the (defendant) expressed opposition to the speech; (or) (3) other evidence that the reasons proffered by the (defendant) for the adverse . . . action were false and pretextual.") As currently drafted, the FAC contains only conclusory allegations of retaliatory intent.

The same deficiency exists regarding the allegation that a few days after speaking to Cazares about his prior comment and two weeks after filing the grievance against Herrera-Salazar, Plaintiff's cell was ransacked by ISU officers. (ECF No. 8 at 7.) Plaintiff alleges that the day after he initiated this action in this Court, his cell was searched and ransacked again, his legal materials were viewed and photographed, and his typewriter was destroyed. (*Id.* at 7-8.) Plaintiff merely speculates that those actions were taken in retaliation for his grievance or the filing of this action based on their timing and fails to set forth any factual allegations that plausibly show any actions were taken with a retaliatory motive. The allegations that Cazares told him, "you should have accepted your victory and left it alone," and that Cazares told Plaintiff he was on Cazares's "targeted list" (ECF No. 8 at 7-8), are ambiguous and lack sufficient context to plausibly allege a retaliatory motive. To the extent Plaintiff attempts to rely on the exhibits attached to the FAC, they are not a substitute for factual allegations. *See Arnold v. Hearst Magazine Media, Inc.*, No. 19cv1969-JAH (MDD), 2020 WL 3469367, at *8 (S.D. Cal. June 24, 2020) ("Exhibits attached to a complaint are not a substitute for factual allegations.")

Finally, to the extent Plaintiff alleges Defendant Thompson denied him access to the courts by viewing his legal materials and destroying his typewriter (*see* ECF No. 8 at 7-8), he fails to state a claim.  Inmates have a constitutional right of access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 346 (1996).  A prisoner must allege facts showing actual injury arising from interference with legal materials, that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  *Id.* at 348.  He must allege the loss of a "non-frivolous" or "arguable" underlying claim.  *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002).  The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued."  *Id.* at 417.  Plaintiff has not alleged the loss of a claim as a result of Thompson viewing his legal materials or destroying his typewriter, and he has therefore failed to state an access to courts claim.

Accordingly, Plaintiff's First Amendment retaliation and access to courts claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.  *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### D.    Leave to Amend

In light of his pro se status, the Court grants Plaintiff leave to amend in order to attempt to address the pleading deficiencies identified in this Order.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

### III.    Conclusion and Orders

Accordingly, good cause appearing, the Court **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures the deficiencies of pleading noted.  Plaintiff's Second Amended Complaint must be

25cv1922-BJC (JLB)

complete by itself without reference to his original pleadings. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: June 17, 2026

Bryan Cheeks
_____
Honorable Benjamin J. Cheeks
United States District Judge